(121 App. Div. 116)

### PEOPLE ex rel. MALONEY v. DOUGLASS et al.

(Supreme Court, Appellate Division, Fourth Department.   July 9, 1907.)

MUNICIPAL CORPORATIONS—OFFICERS—POLICE—REMOVAL—PROCEDURE—STATUTORY PROVISIONS.

Niagara Falls City Charter, Laws 1904, p. 726, c. 300, § 274, provides that the board of police commissioners may, by an affirmative vote of at least two commissioners, at any time remove from office the chief of police or any policeman, etc., found to be incompetent, unable to perform the duties of his office, or guilty of violating any of the rules, regulations, or orders of the board or of a superior officer. Section 275 provides that if a charge be made by any person against a member of the police force that he is incompetent, or has been guilty of neglect of duty, misconduct in office, or conduct unbecoming an officer, the charge must be put in the form required by the rules of the police department, etc., and that the board must then try and determine the charge according to such rules, and that if the accused be found guilty he may be suspended from pay for a definite time, fined, etc., or dismissed from the force. *Held*, that the two sections provide different remedies, and that the commissioners are vested under section 274 with the summary power of removal, without proceeding to a trial under section 275.

Certiorari by the people, on the relation of John J. Maloney, against Anthony C. Douglass and others, composing the board of police commissioners of the city of Niagara Falls, to review the action of such commissioners in removing from office the chief of police of said city. Writ dismissed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

King & Leggett, for relator.
Franklin J. MacKenna, for respondents.

WILLIAMS, J.   The writ should be dismissed, with $50 costs and disbursements.

The question involved is the right of the police commissioners to summarily remove the chief of police, under section 274 of the charter (chapter 300, p. 726, Laws of 1904), without· any charges or the procedure prescribed by section 275.   There seems to have been some indecision at first as to the power of summary removal, and the commissioners prepared charges, and undertook to proceed under section 275; but these proceedings were abandoned and discontinued, and the commissioners then proceeded to remove summarily, under section 274, and appoint a successor.   There is no doubt that abundant grounds for their action in fact existed.   The only question is as to the procedure necessary to be followed.   If the chief was entitled to be tried upon charges under section 275, then his removal was unauthorized.

It is claimed by the commissioners that certiorari is not the proper remedy.   If the power of summary removal under section 274 existed, that would be true; but, if the chief was entitled to a trial under section 275, then the proceeding would be of a judicial nature and subject to review on certiorari.   So that we must in any event pass upon the effect of these two sections of the charter.   The mayor and two police commissioners constituted the board, and any two constituted a quorum.   Any two might appoint a chief of police, who should hold office until removed for some cause or causes specified in the charter.   These provisions are contained in sections 270–273 of the charter.   Then section 274 provides:

"Sec. 274. The board, by an affirmative vote of at least two commissioners, may at any time remove from office the chief of police or any policeman, or other appointee, when he shall be found to be incompetent or negligent or guilty of misconduct or unable to perform the duties of ·his office, or guilty of willfully violating any of the rules, regulations or orders of the board of police commissioners or any superior officer, and appoint in his place and stead some other person, as herein provided."

And section 275 provides:

"Sec. 275. If a charge be made by any person against any member of the police force, that he is incompetent or has been guilty of neglect of duty, misconduct in his office, or of conduct unbecoming a police officer, the charge must be put in the form required by the rules of the police department, and a copy thereof must be served upon the accused officer.   It is then the duty of the board to hear, try and determine the charge according to the rules of the police department.   The accused officer shall have the right to be present at his trial, and be heard in person and by counsel, and give and furnish evidence in his defense.   All trials shall be open to the public.   Any commissioner shall have power to issue subpœnaes, attested in his name, to compel the attendance of witnesses upon any proceeding authorized by the rules and regulations of the police department, and any person duly served with a subpœna is bound to·attend in obedience to the command thereof, and the commissioner shall have the same authority to enforce obedience to the subpœna and to punish for disobedience thereof as is possessed by justices of the peace in like cases.   If the accused officer shall be found guilty of the charge made against him, the board of police commissioners may order his suspension from pay for some definite time, or impose upon him a fine not exceeding fifty dollars, or reduce his grade, or dismiss him from the police force or subject him to any other discipline prescribed in the rules of

the police department which is not inconsistent with the provisions of this act or with the other laws of the state. The decision shall be in writing and be immediately filed with the city clerk."

Under section 274 a removal from office is provided for by a vote of at least two commissioners, when the party is found to be incompetent, etc. No charges are provided for, and no reference made to section 275. Under section 275 charges must be made, and when the party is found guilty by the commissioners he may be suspended from pay for a definite time, be fined not exceeding $50, or his grade may be reduced, or he may be dismissed from the force or be submitted to any other discipline prescribed by the rules of the department not inconsistent with the laws of the state. In the one case it is a removal from office for certain causes. In the other it is punishment for an offense of which he is charged and convicted. The causes for removal and for trial are not the same. Under section 274 it is for incompetence, negligence, misconduct, inability to perform the duties of the office, or willful violation of the rules, regulations, or orders of the board or a superior officer. Under section 275 it is for incompetence, neglect of duty, misconduct in office, or conduct unbecoming an officer. The two sections appear to be separate, and to provide different remedies for dealing with policemen. Section 275 seems to provide for disciplining the force; section 274, for getting rid of them summarily when it becomes necessary, as it did in this case.

From an examination of the provisions of the charter as to the duties of the mayor in preserving the peace and good order of the city, and considering the necessities of the case and the language of these two sections, we are led to the conclusion that it was the intention to vest in the commissioners the summary power of removal, which they exercised in this case. It was not the design in all cases to bind them to the procedure provided by section 275 of the charter.

Writ dismissed, with $50 costs and disbursements. All concur.